UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK LESLIE NICOLAI III,<br><br>               Plaintiff,<br>vs.<br><br>TIM HIGGINS, STEPHEN GRILL, MONTY HANSEN, OFFICER MS. PORTELLA, OFFICER JOHN DOE, THE GEO GROUP, INC., ADAM MARTINEZ, WAYMON BARRY, WARDEN K. KLINE, and CORECIVIC, INC.;<br><br>               Defendants. | Case No. 1:21-cv-00234-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Frank Leslie Nicolai III is an Idaho Department of Correction (IDOC) prisoner who brings a civil rights lawsuit based on his temporary residency in a Texas privatized prison facility operated by the GEO Group, Inc., as part of an IDOC plan to alleviate overcrowding in its prisons. He now resides in an Arizona prison contracted to house IDOC prisoners.

Having reviewed the record, the Court enters the following Order transferring this case to the appropriate United States District Court in Texas for personal jurisdiction and venue reasons.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## REVIEW OF COMPLAINT

1.  **Standard of Law**

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 8(a)(2) requires litigants to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

"merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

**2.   Factual Allegations and Personal Participation Considerations**

Plaintiff alleges that, on November 6, 2020, Texas correctional officers allowed two other prisoners to assault him, causing him serious injury. The two other prisoners allegedly "were paid approximately two thousand dollars in methamphetamine by a third party whom was acting on information provided by G.E.O. Group Correctional Officers accusing the plaintiff of being an informant against fellow officers whom were involved in the distribution of drugs and other contraband to Idaho State Prisoners." Dkt. 3, p. 8 (verbatim).

As to the Idaho and Arizona officials who are defendants in this action, Plaintiff alleges only that they are "responsible for the pattern and practice of misconduct discussed herein." *Id.*, pp. 5-8. It does not appear that the Complaint alleges any civil rights violations that occurred in Arizona, and Plaintiff was transferred to Arizona *after* the assault.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### 3.     Personal Jurisdiction and Venue Considerations

Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977).

Because it appears that the only defendants who personally participated in the alleged civil rights actions are Texas residents, the Court has determined that it will transfer this case to the appropriate United States District Court in Texas. Plaintiff alleges that Idaho officials are responsible for the Texas correctional officers' actions, without any supporting facts showing personal participation. There is no respondeat superior liability in Section 1983 actions. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, Idaho officials purposely sought out and contracted with the Texas facility; therefore, it is more fair to require Idaho officials to respond to a complaint in Texas than it is to require employees of a Texas prison to respond to a complaint in Idaho.

Proper venue is also a concern when a complaint names out-of-state parties. Civil rights action may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated, or (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. S 1391(b). 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). *Anrig v. Ringsby*, 603 F.2d 1319 (9th Cir. 1979).

Clearly, the Complaint shows that the District of Idaho is not the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Rather, a district in Texas is the proper venue. In addition, any unrelated claims against Arizona officials for civil rights violations occurring in Arizona facilities must be brought in a United States District Court in Arizona

**4.      Conclusion**

For the foregoing reasons, the Court will transfer this action to Texas, where further screening of Plaintiff's Complaint will occur.

### ORDER

**IT IS ORDERED that** the Clerk of Court shall transfer this entire matter to the appropriate United States District Court in Texas.

DATED: July 19, 2021

_____
David C. Nye
Chief U.S. District Court Judge